### SEVERSON v. HILL–WARNER–FITCH CO.

(Supreme Court, Appellate Division, Third Department. November 20, 1906.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—ACTION—NOTICE OF INJURY—STATUTORY PROVISIONS.

The only condition precedent for bringing an action under Employers' Liability Act, Laws 1902, p. 1748, c. 600, is the service on defendant of a notice in writing within 120 days of the time, place, and cause of the injury, and signed by the person injured or some one in his behalf.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 806.]

2. SAME—SUFFICIENCY OF COMPLAINT.

In an action against a master for injuries sustained by a servant, the complaint alleged that on or about a specified date plaintiff served defendant with a notice in writing, signed by him, of the time, place, and cause of his injuries; that it was defendant's duty under the law to furnish proper tools and machinery, properly guarded; that defendant omitted to furnish machinery properly guarded; that by reason of defendant's negligence plaintiff was injured. Held, that the complaint was sufficient to bring the action under Laws 1897, p. 480, c. 415, § 81, providing that all machinery shall be properly guarded, and Laws 1902, p. 1748, c. 600, regulating the liability of employers for personal injuries to employés, and providing for a notice of the time, place, and cause of injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 812.]

3. SAME—NEGLIGENCE OF MASTER—INSTRUCTIONS.

In an action against a master for injuries to a servant, there was no evidence of negligence on the part of the master, except as to leaving a machine unguarded. Held, that it was error to refuse an instruction limiting the jury to a consideration of the unguarded condition of the machine.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1136.]

4. SAME.

In an action against a master for injuries to a servant, the court charged, over defendant's exception, that it was the duty of defendant to promulgate rules for the operation of its factory and machinery, but did not inform the jury, nor did the evidence show, what, if any, rule would have protected plaintiff. Held, that this was error, as the jury was left to

speculate as to what rule or regulation defendant should have promulgated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1158.]

Appeal from Trial Term.

Action by George E. Severson, an infant, by Nelson E. Severson, his guardian ad litem, against the Hill-Warner-Fitch Company. Judgment for plaintiff, and defendant appeals. Reversed.

The plaintiff was injured while operating a sizing machine in defendant's candy factory, through which machine candy is run for the purpose of reducing it to the required thickness for cutting into forms. The machine consists of two rollers, about 18 inches in length and between 4 and 5 inches in diameter, which were slightly corrugated, and which were operated in either direction by means of pulleys, belts, and an electric motor. The machine is about waist high, and is operated by the operator standing facing the side of the machine, with his right side towards it. The plaintiff described it as something like a clothes wringer, with a kitchen table at each side of it. Plaintiff said that, while operating it, he took hold of the candy with his left hand farthest from the rollers and his right hand on top of the candy, "and this candy had either hardened or stuck to the table, and when I shoved my right hand slipped off the candy and caught in the rollers," and that the injuries for which he sued were thus received.

Argued before PARKER, P. J., and SMITH, CHESTER, COCHRANE, and KELLOGG, JJ.

A. D. Wales, for appellant.
Charles R. Stewart, for respondent.

CHESTER, J. It is claimed by the plaintiff that the action is brought under the employers' liability act (chapter 600, p. 1748, Laws 1902) and section 81 of the labor law (chapter 415, p. 480, Laws 1897), and the case was submitted to the jury by the court as having been brought under those acts. It is claimed by the appellant that the complaint was not sufficient for that purpose, as the only reference in the complaint to any facts which might be construed to have reference to the labor law or the employers' liability act is the allegation "that on or about the 25th day of June, 1904, plaintiff gave and served this defendant with a notice in writing, signed by him, of the time, place, and cause of the injuries for which this action is brought," and makes no reference in the complaint whatever to the statutes themselves. The only condition precedent for the bringing of the action under the employers' liability act is the service upon the defendant of a notice in writing, within 120 days, of the time, place, and cause of the injury, and signed by the person injured, or some one in his behalf. It has been held in the Fourth Department (Monigan v. Erie R. R. Co., 99 App. Div. 603, 91 N. Y. Supp. 657) that the allegations in support of a cause of action under the common law and under the employers' liability act are the same, except that under the act there must be an allegation with respect to the service of the notice provided for therein.

But this complaint goes farther than that. In the fifth paragraph it is alleged "that it was the duty of the defendant under the laws and statutes of the state of New York * * * to furnish * * * proper and adequate tools and machinery, * * * properly guarded to avoid accidents." In the sixth paragraph it is alleged that the

defendant omitted to furnish "machinery properly guarded." In the eleventh paragraph it is alleged "that solely by reason of defendant's negligence in not complying with its duties as aforesaid, and in not complying with the statutes as aforesaid," the plaintiff was injured. Section 81 of the labor law requires that all machinery "shall be properly guarded." We think, therefore, it was a fair construction of the complaint on the part of the trial court to hold that the action was brought under these acts, and that he was right in submitting the case to the jury upon that theory.

Notwithstanding this, we think there were errors on the trial that cannot be overlooked. The court declined to charge the jury, at the request of defendant's counsel, "that there is no evidence in the case authorizing the jury to impute negligence to the defendant on the character of this machine, excepting the question of this guard; that the guard is the only defect in the machine which they can in any way on any possible hypothesis attribute to or connect with the defendant" —and the court stated he would leave that whole question to the jury. This was excepted to. There was no such evidence, except as to the absence of the guard, and the jury should have been so instructed when the request was made, so that they might not speculate as to any other ground of liability with respect to the condition of the machine, which the proof showed was of standard make and similar in all respects to those used in all manufacturing establishments of the kind and was in good order.

The court also charged, over the defendant's exception, that it was the duty of the defendant under the law to promulgate rules and regulations for the operation of its factory and machinery; but he did not inform the jury, nor did the evidence show, what, if any, rule or regulation would have been effective to protect the plaintiff. The charge, therefore, left it for the jury to speculate as to what particular rule or regulation the defendant should have promulgated, and in doing so they were confined only by the realm of their imaginations, with no evidence in the case to serve as a guide in forming their judgment.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except PARKER, P. J., not voting.